USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPUTERSHARE TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BBCMS MORTGAGE TRUST 2025-C35, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2025-C35,

Plaintiff,

-against-

INTEGRATED EASTCHASE HOLDINGS LLC, THREE PROPERTY HOLDINGS OF QUAD CITIES LLC, WINDSONG EQUITY HOLDINGS LLC, MARK GRAHAM, ACE FUNDING SOURCE LLC, THE SHERWIN-WILLIAMS COMPANY AND "JOHN DOE" NOS. 1-25,

Defendants.

1:26-cv-6099 (MKV)

ORDER DENYING APPOINTMENT OF RECEIVER

MARY KAY VYSKOCIL, United States District Judge:

On July 17, 2026, Plaintiff Computershare Trust Company, National Association, as Trustee for the benefit of the registered holders of BBCMS Mortgage Trust 2025-C35, Commercial Mortgage Pass-Through Certificates, Series 2025-C35 ("Plaintiff") moved for the appointment of Hilco Global, or its principal receiver Matthew Mason, as receiver for certain properties owned by Defendants. [ECF Nos. 4-8]. The Court issued an Order to Show Cause on July 23, 2026, ordering Defendants to demonstrate why an Order Appointing Receiver should not be granted, setting a Show Cause Hearing for October 13, 2026 at 2:30 PM ET, requiring service on all Defendants, and further requiring Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 11]. On the last point, this Court noted

that Plaintiff had insufficiently alleged complete diversity by not alleging the identity and citizenship of each of the members of the LLC Defendants and required that Plaintiff comply with the show cause order by August 4, 2026.

Plaintiff filed proof of service on each of the Defendants [ECF Nos. 13-17], but failed to comply with the Court's August 4, 2026 deadline to provide further information on the presence of complete diversity. This Court issued another Order to Show Cause on September 29, 2026 again requiring Plaintiff to file a letter showing cause why this case should not be dismissed for lack of subject matter jurisdiction and why Plaintiff should not be sanctioned for failing to comply with this Court's previous order. [ECF No. 18]. On September 30, 2026, Plaintiff filed a responsive letter stating that it was voluntarily dismissing claims against one Defendant LLC and that the three other Defendant LLCs each were comprised of two members "LRE Management Company LLC ("LRE") and Leeton Real Estate Inc., a New York Corporation ("Leeton")." [ECF No. 19]. Plaintiff also stated that Leeton is the sole member of the LRE LLC. This Court notes that Plaintiff has still failed to fully demonstrate diversity jurisdiction, as Plaintiff has not made any allegations or representations regarding Leeton's principal place of business, which is a necessary part of determining corporate citizenship. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("a corporation's citizenship derives, for diversity jurisdiction purposes, from its State of Incorporation and principal place of business.").

This Court held the scheduled Show Cause Hearing with regard to the Motion for Appointment of a Receiver on October 13, 2026 at 2:30 PM ET. No Defendants have entered appearances to date, and none attended the hearing. More concerningly, Plaintiff also failed to attend the scheduled hearing on its own motion to appoint a receiver. This Court had several questions for Plaintiff, including as a threshold matter, regarding Leeton's principal place of business in order to properly satisfy diversity jurisdiction. In addition, the Court intended to

address whether bankruptcy court is a more appropriate forum in which to bring the motion for a receiver given Plaintiff's supporting declaration stated that the Defendant borrowers had leased substantially all of the properties at issue to "affiliate entities," and that those lessees have since filed for bankruptcy. [ECF No. 6] ¶¶ 8, 16. Additionally, Plaintiff elsewhere represented that the bankruptcy court has authorized the lessee's payment of a July lease payment. [ECF No. 7] at 12. This Court was not able to address any of these outstanding questions due to Plaintiff's counsel's lack of attendance, which is now the second time that Plaintiff has failed to comply with this Court's scheduling orders.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of a receiver is DENIED without prejudice.

**SO ORDERED.**

**Date: October 14, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**